# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**,<br><br>v.<br><br>**RICARDO DEMAR BLACKSON**,<br><br>Defendant. | No. 25-cr-269 |

## ORDER

On September 2, 2025, Magistrate Judge Matthew J. Sharbaugh ordered the Defendant detained pending trial. *See* Order of Detention Pending Trial, ECF No. 12. The Defendant now appeals that decision and asks to be released on electronic monitoring and home detention, and under the supervision of a third-party custodian. *See* Def.'s Appeal of Detention Decision, ECF No. 14. Although "in our society liberty is the norm and detention prior to trial . . . the carefully limited exception," *United States v. Salerno*, 481 U.S. 739, 755 (1987) (cleaned up), the Government has shown by clear and convincing evidence that no "combination of conditions" on the Defendant's release "will reasonably assure . . . the safety of . . . the community." 18 U.S.C. § 3142(e); *see also United States v. Munchel*, 991 F.3d 1273, 1282 (D.C. Cir. 2021) (burden is on the Government to "prove by clear and convincing evidence" that the defendant poses an "articulable threat to . . . the community" (cleaned up)). Thus, upon *de novo* review of Judge Sharbaugh's Detention Order, *see United States v. Fairlamb*, 535 F. Supp. 3d 30, 37 n.2, 39 (D.D.C. 2021), the court DENIES the Defendant's Appeal and AFFIRMS Judge Sharbaugh's Detention Order.

In assessing whether the Defendant poses a danger to the community, the court is required to weigh: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against" the defendant, (3) the defendant's "history and characteristics," and (4) "the nature and seriousness of the danger . . . that would be posed by [his] release."  18 U.S.C. § 3142(g).  Here, the weight of the evidence against the Defendant is strong:  During a traffic stop, officers uncovered a loaded firearm, nine ounces of marijuana packaged in 31 baggies, and two digital scales from the Defendant's vehicle of which he was the only occupant.  *See* Gov't's Mot. for Pretrial Detention at 6–7, ECF No. 5.

Although the mere fact that a defendant illegally possessed a loaded firearm will not always indicate that they are a danger to the community, *see United States v. Wills*, 311 F. Supp. 3d 144, 148 (D.D.C. 2018), the calculus changes when the defendant "has a violent history." *United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020).  That is because a firearm in the possession of a person with violent tendencies "has the great potential to escalate into violence" and potentially lead to death.  *Id.*  Here, the Defendant has a violent history of the most serious nature—a prior conviction for second-degree murder while armed.  He has also been convicted of fleeing law enforcement, reckless driving, and operating a vehicle on a suspended license. Although these crimes are undoubtedly of a less serious nature, they further suggest that the Defendant is prone to antisocial behavior that puts the community at risk.

Although the Defense emphasizes the Defendant's good behavior while incarcerated for murder, *see* Def.'s Appeal at 3–4, the court is alarmed that the Defendant—less than a year after being released early—apparently violated his conditions of early release by possessing a loaded gun.  Given this apparent violation, the court does not trust that he would abide by the conditions it would impose if he were released pending trial.  *See Munchel*, 991 F.3d at 1281 (directing the

court to "consider whether it believes the defendant will actually abide by its conditions when making the release determination").

Accordingly, the Defendant's Appeal is DENIED and Judge Sharbaugh's Detention Order is AFFIRMED.

SO ORDERED.

Date: November 10, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge