IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America

      v.                                Case N. 1:25-CR-269-TSC

Ricardo Blackson

## Defendant's Reply to Government's Response

Ricardo Blackson, through counsel, respectfully replies to the government's response to his motion to suppress. As an initial matter, the court should note that Blackson raises an additional claim in this motion to suppress. The government ought to be able to respond with a sur-reply. This new claim is based on evidence disclosed to the defense after Blackson filed his motion to suppress.

## Brief Summary of additional facts

Blackson incorporates by reference the factual allegations asserted in his motion to suppress. Additional body-worn camera evidence depicts the following. Around 14:43, police begin to do a canine sniff around the outside of Blackson's vehicle. The officer directed the dog, Joker, to sniff around the car. When the officer and Joker arrive to the driver's side of the vehicle, Joker jumps up on the car several times and places his paws and nose inside the open windows of the vehicle. Several times during the search, Joker's paws scratched the outside of the car, making an audible scratching noise. On a second pass around the driver's side of the car, Joker can be seen sticking his nose inside the open window of the back seat. At least twice during the sniff, the officer can be observed encouraging Joker to jump on the vehicle.





**New Claim: the government's conduct amounted to a trespass into Blackson's vehicle, resulting in an unreasonable search.**

A search like the one conducted by Joker requires a warrant because it is a trespass search. When the government trespasses onto or into a vehicle to obtain information, that intrusion violates the Fourth Amendment. *United States v. Jones*, 565 U.S. 400, 408 (2012). As a result, when a dog trespasses onto or into a vehicle during the course of its sniff-search, that also is also a search requiring a showing of probable cause. *See, e.g., United States v. Buescher*, 691 F.Supp.3d 924, 939 (N.D. Iowa 2023); *State v. Dorff*, 526 P.3d 988, 998 (Idaho 2023) (finding a drug dog "trespasses against a vehicle by 'intermeddling' with its exterior—or its interior (i.e., by breaching its 'close')—without privilege or consent"); *see also United States v. Powell*, 483 F.3d 836, 838 (D.C. Cir. 2007) (recognizing that physically intruding into a vehicle constitutes a search).

In *Buescher*, the court considered the exact issue at play in this case: whether a dog placing its head into an open window constitutes a search under the Fourth Amendment. *See Buescher*, 691 F.Supp.3d. at 928. There, the defendant was stopped for driving with excessive tint. *Id.* at 927. Police observed a number of odd behaviors which led them to believe the driver might be impaired. *Id.* The police decided to conduct field sobriety tests as a result, and during those tests, a police canine arrived to perform a drug sniff. *Id.* The dog performed three passes along the vehicle, and at one point jumped onto the vehicle and placed its head and nose inside the vehicle. *Id.* The dog finally sat, which was its trained way to demonstrate an alert to the odor of drugs. *See id.* Ultimately, the court held, after extensive analysis of caselaw, that the

officer's "conducted a warrantless and unreasonable search of Buescher's vehicle by allowing K-9 Gus to insert his head into the open window of that vehicle." *Id.* at 939. The same conduct occurred here. Joker inserted his head and paws into the open windows of Blackson's vehicle, and did so at the direction of the officer, who explicitly directed the dog to jump on Blackson's car.

Before reaching that holding, the court conducted extensive analysis primarily of three cases: *United States v. Lyons*, 486 F.3d 367 (8th Cir. 2007); *United States v. Jones*, 565 U.S. 400 (2012); and *Florida v. Jardines*, 569 U.S. 1 (2013). *Lyons* obviously predates *Jones* and *Jardines*, and the Court did not have the benefit of the Supreme Court's guidance on considering the Fourth Amendment through a property-rights analysis. *See Jardines*, 569 U.S. at 10 ("[o]ne virtue of the Fourth Amendment's property-rights baseline is that it keeps easy cases easy"). In *Lyons*, the Eighth Circuit ultimately held a police dog's intrusion into a vehicle not an unreasonable search because a) the officer did not direct the dog to do so and b) the court concluded that the dog would have alerted even without intruding into the vehicle. *See Lyons*, 486 F.3d at 373 – 74.

*Jones* reestablished a property-based approach to the Fourth Amendment in holding that officer's conducted a search by "physically occup[ying] private property for the purpose of obtaining information." *Jones*, 565 U.S. at 405. There, officers attached a tracking device to the defendant's vehicle to monitor its movements. *Id* at 401. Though a person would not have a reasonable expectation of privacy in their

public movements, the court still held that a common-law trespass onto property constituted a search. *See id.* at 405.

*Jardines* involved police using a drug sniffing dog on a person's front porch without possessing a warrant. 569 U.S. at 4. The Court held this a search even though police (and the public) generally have some license to be on a person's front porch. *See id.* at 8. But that license permitted officers to do what "any private citizen might do," not "introduc[e] a trained police dog to explore the area around the home in hopes of discovering incriminating evidence . . ." *See id.* at 8 – 9. "When the Government obtains information by physically intruding on persons, houses, papers, or effects, a search within the original meaning of the Fourth Amendment has undoubtedly occurred." *See id.* at 5 (citing *Jones*, 565 U.S. at n. 3). Applying the property-based test, the court found the case "straightforward" and ultimately ruled the conduct amounted to an unreasonable search.

Finally, in *State v. Dorff*, the Supreme Court of Idaho considered whether a dog's contact with the exterior of a vehicle could amount to a search under the Fourth Amendment. 526 P.3d 988, 991 (Idaho 2023). There, the court summarized the dog's actions:

> The K-9 officer circled Dorff's vehicle twice with Nero. Nero never entered the interior compartment of the vehicle. However, as Nero circled the vehicle, Nero directed his nose close to the vehicle's seams (nearly touching the vehicle in many instances); entered the wheel well areas with his snout; and reached for the vehicle's undercarriage with the same. On Nero's second pass, body-camera footage from the on-scene officers shows Nero made two potential contacts, and one explicit contact, with the vehicle's exterior surface: first, on the rear passenger side of the vehicle (briefly as he jumped up); second, on the front passenger side of the vehicle (again, briefly as he jumped up); and third,

> on the front driver side of the vehicle—this time planting his front paws
> to stand up on the door and window as he sniffed the vehicle's upper
> seams. During this time, the K-9 officer made upward gestures,
> purportedly "[p]resenting areas for [Nero] to sniff." The K-9 officer later
> testified that Nero alerted during his explicit contact with Dorff's
> vehicle, i.e., after Nero stood up and put his front paws on the front
> driver          side          door          and          window.

*Id.*

The defendant argued that the dog's physical intrusions against the exterior of the vehicle amounted to a common law trespass, and thus, constituted a search under the *Jones* framework. *Id.* at 993. The court ultimately agreed, after an extensive analysis of common law focused on when a trespass to chattel occurs by intermeddling. *Id.* 995 − 997. "Intermeddling is the difference between someone who brushes up against your purse while walking by—and someone who, without privilege or consent, rests their hand on your purse or puts their fingers *into* your purse before your eyes or behind your back." *Id.* at 997. The court also distinguished between a dog's tail brushing against the car and a dog who "approaches your vehicle to jump *on* its roof, sit *on* its hood, stand *on* its window or door—or enter *into* your vehicle. *Id.* Though open air sniffs are not a search under the fourth amendment (as no privacy or property interests exist in the free air surrounding a vehicle), "a search will occur when the government trespasses against private property for the purpose of obtaining information." *See id.* at 998 (citing *Jones*, 565 U.S. at 404).

The same property-based analysis should make this case straightforward. First, the canine sniff conducted by Joker was not an "open air sniff." It involved Joker jumping on, scratching, and sticking his nose inside the windows of the vehicle. By

entering the vehicle and crossing the plane of the window, the dog's conduct constituted a trespass. Because the government physically intruded into Blackson's personal effects—his vehicle—to obtain information, their conduct required a warrant or an exception to the warrant requirement. And no such exception applies here, as the officers did not have probable cause to conduct the search absent the dog's alert. And because the dog alerted only after trespassing into the vehicle, the government's conduct amounted to an unreasonable search.

## Conclusion

A trespassory search, like the one here, requires a warrant. And MPD did not seek a warrant before having Joker jump on and scratch at Mr. Blackson's car and stick his nose inside the windows of the vehicle. That conduct amounted to a trespass with the specific goal of obtaining information. Thus, the conduct was a search, and police failed to obtain a warrant or rely on an exception to the warrant requirement. The motion to suppress must be granted.

Respectfully submitted

/s/ Benjamin Schiffelbein
625 Indiana Ave NW, Ste 550
Washington, DC 20004
Benjamin_Schiffelbein@fd.org